## Hempstead et al. *v.* Meadville Theological School, Appellant, et al.

Argued December 3, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Walter J. McClintock,* for appellant.

*Frank D. Prather,* of *Peters & Prather,* for appellee.

PER CURIAM, January 4, 1943:

In 1924 the trustees of Meadville Theological School, a Pennsylvania corporation of the first class, organized under the Act of April 7, 1846, P. L. 497, proposed to do one of two things, whichever might be found lawful: (1) to sell all the assets of the corporation, and trans-

fer the proceeds to a new corporation to be chartered for like purposes under the laws of Illinois, or (2) to continue the old corporation, under the Pennsylvania charter, but carry on all the educational activities in Chicago under the wing of and by using the facilities of the University of Chicago. The Court of Common Pleas of Crawford County issued an injunction, restraining the board from doing either of these two things, and the trustees appealed: *Hempstead v. Meadville Theological School*, 284 Pa. 147. This Court modified the injunction to permit the school to transfer its educational activities to Chicago, but sustained the injunction insofar as it prevented a transfer of the assets to another corporation. Following that decision the trustees moved the school to Chicago, where all of its activities, other than its strictly corporate business, have since been conducted.

On January 6, 1941, Meadville Theological School filed a petition with this Court asking that the original injunction be further modified, "in the light of the facts as they now exist", to permit it "to transfer and convey its assets to Lombard College under a contract whereby Lombard College shall accept the same, and undertake to operate the said school according to the purposes thereof, administer its funds and carry out the provisions and requirements of its endowments in all respects as the Meadville Theological School has done in the past." This petition was referred back to the Court of Common Pleas of Crawford County for hearing and decision, with leave to any aggrieved party to appeal from the decree entered. At the hearing it was shown that Lombard College is an existing Illinois corporation; that the two schools have the same trustees and officers; that their by-laws are practically identical; that the purposes of the two are substantially the same; that they have the same faculty and occupy the same buildings; that each carries on its educational activities under the wing of the University of Chicago; and that a union of the two

schools into one institution would result in tax savings and be otherwise advantageous in the carrying out of the charter purposes of both schools. After hearing, the common pleas concluded that no sufficient grounds had been shown to justify the further modification of the injunction, and a decree was entered dismissing the petition. This appeal followed.

The fact that it is now proposed to transfer the corporate assets to a corporation of another state which is already in existence, whereas on the prior appeal the proposal was to convey to a corporation to be formed in the future, is of no legal significance. In either event the controlling principle, reaffirmed by us as recently as *Groome's Estate,* 337 Pa. 250, 251, that the board of trustees of an eleemosynary corporation are bound to manage the assets of the corporation "in accordance with, and in a manner not destructive of, the purposes specified in the charter," is the same. Nor does it furnish any legitimate basis for the relief requested that the trustees and officers of the two corporations may be identical, or that financial and administrative benefits might accrue to Meadville Theological School by reason of their union. In *Hempstead v. Meadville Theological School,* 286 Pa. 493, this Court undertook to explain the effect of the prior decision, and in so doing stated as follows (p. 500) : "Even had the act of transfer of property been entirely legal, it must be accomplished under our laws. They are very broad and it is difficult to understand, with this property in existence, how such transfer could be accomplished in a way that would deprive the old school of its rights, *though the parties in both were identical. . . .* It may be a serious handicap to the business affairs of this school to keep this property in Meadville when its educational work is being carried on in Chicago. It was solely because the law commanded it to be done that the order of the court was made." The present petition is obviously nothing more than an attempt by appellant to relitigate a question which has

already been finally and conclusively determined against it on the former appeals, and this being true the matter is not now subject to further review; hence the petition was properly dismissed.

Decree affirmed at appellant's cost.